UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN L. WALKER,<br><br>                     Plaintiff,<br><br>     v.<br><br>HARTFORD INSURANCE COMPANY,<br><br>                     Defendant. | CASE NO. C20-0084JLR<br><br>ORDER GRANTING MOTION TO DISMISS |

## I.    INTRODUCTION

Before the court is Defendant Hartford Insurance Company's ("Hartford") Federal Rule of Civil Procedure 12(b)(6) motion to dismiss *pro se* Plaintiff Glen L. Walker's complaint. (*See* Mot. (Dkt. # 7); *see also* Reply (Dkt. # 9).) Mr. Walker did not file an opposition the motion. (*See generally Dkt.*) The court has reviewed the motion, the parties' submissions in support of and in opposition to the motion, the relevant portions

//

ORDER - 1

of the record, and the applicable law. Being fully advised, the court GRANTS Hartford's motion to dismiss.

## II. BACKGROUND

Mr. Walker's complaint alleges that "Hartford Insurance Company" failed to pay for an insurance claim involving an automobile accident. (*See* Compl. (Dkt. # 1-1) at 1-2.) Mr. Walker alleges that he had "full auto coverage" for his vehicle under an insurance policy with Hartford. (*See id.*) Based on these allegations, Mr. Walker alleges claims for "bad faith," breach of the insurance policy, civil rights violations, and violation of federal and state laws against discrimination. (*See id.* at 2.) Hartford moves to dismiss these claims on the basis that Hartford Insurance Company did not issue an insurance policy to Mr. Walker. (*See* Mot. at 2.) In support of that claim, Hartford attaches a copy of Mr. Walker's insurance policy, which was issued by Twin City Fire Insurance Company ("Twin City").[1] (*See* Adams Decl. (Dkt. # 9) ¶ 2, Ex. 1 at 3.)

Twin City is not a party to this lawsuit, but Mr. Walker has filed two separate lawsuits against Twin City in the Western District of Washington.[2] *See Walker, et al. v.*

---

[1] The court may consider the insurance policy on Hartford's motion to dismiss because the policy is incorporated by reference in Mr. Walker's complaint. *See United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011).

[2] The court takes judicial notice of the docket and filings in these lawsuits. "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Under this rule, courts may take judicial notice of federal and state court proceedings, *see, e.g.*, *Shetty v. Wells Fargo Bank, NA*, 696 F. App'x 828, 829 (9th Cir. 2017), without converting a Rule 12 motion to a motion for summary judgment, *United States v. 14.02 Acres of Land More or Less in Fresno Cty.*, 547 F.3d 943, 955 (9th Cir. 2008) (citations omitted).

*Twin City Fire Ins. Co.*, Case No. C17-1201JCC (W.D. Wash.); *Walker v. Twin City Fire Ins. Co., et al.*, Case No. C19-0565RSM (W.D. Wash.). Mr. Walker's first suit against Twin City was dismissed with prejudice after a settlement. *See Walker, et al. v. Twin City Fire Ins. Co.*, Case No. C17-1201JCC, Dkt. ## 45, 48 (W.D. Wash.).

### III. ANALYSIS

Rule 12(b)(6) provides for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Here, the court concludes that the complaint fails to state a plausible claim for breach of contract, bad faith, civil rights violations, or discrimination under state or federal law. Mr. Walker bases each of his causes of action on his allegation that he had an insurance policy with Hartford. (*See* Compl. at 1-2.) However, that allegation is not plausible due to the evidence before the court showing that Twin City Fire Insurance Company, not Hartford, insured Mr. Walker. (*See* Adams Decl. (Dkt. # 9) ¶ 2, Ex. 1.) Moreover, Mr. Walker failed to respond to Hartford's claim that Hartford "had no relationship with [Mr. Walker]" (*see* Mot. at 3; *see generally* Dkt.), which the court

//

considers "an admission that the motion has merit," *see* Local Rules W.D. Wash. LCR 7(b)(2). Thus, the court GRANTS Hartford's motion to dismiss.

When a court dismisses a *pro se* plaintiff's complaint, leave to amend is mandatory unless it is "absolutely clear that amendment could not cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). The court is skeptical that Mr. Walker can state a plausible claim for relief against Hartford due to the evidence showing that Hartford did not insure Mr. Walker. The court is equally skeptical that Mr. Walker can file a plausible claim against Twin City given the potential preclusive effects of Mr. Walker's other lawsuits against Twin City. Nevertheless, the court grants Mr. Walker leave to amend out of an abundance of caution.

## IV. CONCLUSIONS

For the reasons set forth above, the court GRANTS Hartford's motion to dismiss (Dkt. # 8) with leave to amend. Mr. Walker may file an amended complaint that alleges specific facts that resolve the issues stated herein no later than 21 days from the filing date of this order. The court warns Mr. Walker that failure to file an amended complaint that resolves the issues stated herein within this time frame will result in dismissal of his complaint with prejudice.

Dated this 7th day of April, 2020.

JAMES L. ROBART
United States District Judge