UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLEN L. WALKER,<br><br>           Plaintiff,<br><br>   v.<br><br>HARTFORD INSURANCE COMPANY,<br><br>           Defendant. | CASE NO. C20-0084JLR<br><br>ORDER STRIKING FILING |

    This matter comes before the court *sua sponte*. On October 5, 2020, the court received a miscellaneous filing from *pro se* Plaintiff Glen L. Walker (the "Filing"). The Filing appears to be a form request for accommodation that is based on Washington General Rule 33. The Filing includes sensitive medical records, a marked-up copy of the

//

//

//

ORDER - 1

court's order dismissing Mr. Walker's complaint, and miscellaneous documents that appear to have originated from Washington State court cases that Mr. Walker has filed.[1]

The court STRIKES this filing for two reasons. First, this case is closed and Mr. Walker does not have an operative complaint on file. The court dismissed Mr. Walker's complaint on April 7, 2020 (*see* 4/7/20 Order (Dkt. # 11)), and, after Mr. Walker failed to timely amend the complaint, the court dismissed this action without prejudice on June 1, 2020 (*see* 6/1/20 Order (Dkt. # 14)). Thus, this case is closed, meaning Mr. Walker's Filing is untimely. Second, the filing appears to be based on Washington General Rule 33, *see* Wash. State Ct. GR 33, which is inapplicable in this federal proceeding. Thus, the court STRIKES this filing as improper and untimely.

The court also notes that even if it liberally construed Mr. Walker's motion as a motion to appoint counsel, the court would deny that motion. Generally, civil litigants have no right to counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). There are two relevant exceptions to that general rule that could apply to cases like Mr. Walker's. First, Mr. Walker's now-dismissed complaint attempted to plead a civil rights claim (*see* Compl. (Dkt. # 1-1)), and the Western District of Washington has adopted a plan for court-appointed representation of civil rights litigants, *see* General Order 10-05, August 1, 2010, Section 3(c) (In re Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions). That plan requires the court to assess a plaintiff's case before

---

[1] The court directed the Clerk to refrain from adding Mr. Walker's Filing to the docket in this matter because the Filing includes Mr. Walker's medical records and was not accompanied by a motion to seal.

ORDER - 2

1  forwarding it to a pro bono screening committee for further review and a possible
2  appointment of pro bono counsel.  *See* General Order, August 1, 2010, Section 3(c) (In re
3  Amended Plan for the Representation of Pro Se Litigants in Civil Rights Actions).
4  Second, before this case was removed, the King County Superior Court concluded that
5  Mr. Walker is indigent.  (*See* State Ct. R. (Dkt. # 2) at 23-29.)  The court may appoint
6  counsel for indigent civil litigants under "exceptional circumstances" pursuant to 28
7  U.S.C. § 1915(e)(1).  *See Palmer*, 560 F.3d at 970.

8       The court concludes that Mr. Walker would not be entitled to counsel under either
9  this District's plan for court-appointed representation of civil rights litigants or 28 U.S.C.
10 § 1915.  The court has already reviewed Mr. Walker's complaint and dismissed it on the
11 grounds that it was not plausible.  (*See* 4/7/20 Order at 3-4.)  The Filing does not include
12 any facts that alter the court's perspective on the plausibility of Mr. Walker's claims.
13 Thus, Mr. Walker's complaint does not present "exceptional circumstances" and does not
14 merit review by the *pro bono* screening committee.  As such, even if the court construed
15 the Filing as a motion to appoint counsel, that motion would be denied.

16       Dated this 22nd day of October, 2020.

                                                    /s/ James L. Robart
                                                    _____
                                                    JAMES L. ROBART
                                                    United States District Judge